## L. E. LOCKHART *v.* J. W. GEE and others.

### April Term, 1877.

RENT OF LAND IMPROPERLY PLACED IN CHARGE OF A RECEIVER. — Where a receiver has been appointed, at the instance of a party, improperly, but. on a correct statement of facts, that party will be charged with the cost. of the receivership, and with such rents as the receiver himself would be properly chargeable with.

RENT — APPORTIONMENT. — When land has been in the custody of the court, and rented out under its orders, the rents will be apportioned according to. the justice of the case.

*R. L. Morris*, for complainant.
*Tully Brown*, for defendants.

THE CHANCELLOR : — Bill filed on October 2, 1875, to enforce a vendor's lien on land, retained on the face of

a deed in fee, for the unpaid purchase-money. The conveyance was to J. W. Gee in trust for his wife, who has died leaving the infant defendants her children and heirs. Shortly after the filing of the bill, the complainant, upon affidavit that the land was not a sufficient security for the debt, which has proved to be the fact, had a receiver appointed, who took possession of the land, rented it for the year 1876, collected the rent, and, after making some repairs, rented again for this year. The land has been sold under a decree of foreclosure, and the sale confirmed on April 2, 1877. The receiver has passed his accounts, and the case comes before me on exceptions to the master's report. The questions raised relate to the compensation of the receiver, the charges for repairs, and the disposition of the rents.

The receiver was appointed under the belief on the part of the complainant's counsel, sustained by the action of the court, that the complainant was entitled to the rents of the land, to be applied in satisfaction of the lien debt if the land itself proved inadequate. The Supreme Court has, however, settled the law otherwise, having held that a vendor who makes an actual conveyance of the title to the vendee has, by virtue of a lien retained, only a right to satisfaction out of the land itself, and is, consequently, not entitled to a receiver *pendente lite*. *Morford* v. *Hamner*, 3 Baxt. 391. Having no right to a receiver, the complainant is, of course, liable to the defendants for all the consequences of having had one appointed. The costs of the receivership, including the compensation of the receiver, must, therefore, be paid by the complainant.

Another result of the erroneous act of taking possession of the land is to make the complainant liable for rent. The rule of liability for rent varies according to the nature of the possession. A wilful wrong-doer, a trustee, and a mortgagee, are held liable not only for rent actually received, but for rents which he might have received. *School*

*Commissioners* v. *The State*, 7 Humph. 113; *Acland*
v. *Gaisford*, 2 Mad. 28; *Wilson* v. *Clapham*, 1 Jac. & W.
36; *Cole* v. *Tyson*, 8 Ired. Eq. 170. On the other hand,
a possessor under an apparent title, and holding in good
faith, is only required to account for the rents and profits
received by him, or by his orders, or for his use. *Loyd* v.
*Mason*, 2 Myl. & Cr. 485; *Parkinson* v. *Hanbury*, L. R. 2 H.
L. 1; *Lord Kensington* v. *Bouverie*, 7 De G. M. & G. 134;
*Sherwin* v. *Shakspear*, 5 De G. M. & G. 531; *Murray* v.
*Palmer*, 2 Scho. & Lef. 489. The reason of the distinction
is obvious. A wrong-doer with knowledge, a trustee, and
a mortgagee who takes possession of his security must be
held to active diligence. An innocent occupant may well
be left to the spur of his interest, and should be held liable
only for what he has realized. The distinction is frequently
lost sight of, although well established, and based upon the
soundest principles of equity. Obviously, however, it only
applies to rents before suit brought; for afterwards the
unsuccessful occupant cannot be held to be innocent, and,
as a wrong-doer, is bound to active diligence. *Townsend*
v. *Shipp*, Cooke, 293.

The complainant in this case cannot be considered a
wilful wrong-doer, for the receiver was appointed by the
court. Nor is the complainant in the position of a mort-
gagee in possession, for the receiver is the agent of the
court. All that could be reasonably asked would be the
general order for an account of the receivership. It is con-
ceded that the receiver obtained full rent for the premises,
and the only question is as to the allowance claimed for
repairs. Ordinarily, necessary repairs would be an element
in ascertaining the rent actually realized, for such rent
would be the net amount, after deducting such repairs as
were essential to make the premises tenantable, or to pro-
cure a renter. In this case, it appears that the land was
rented for the year 1876 without any deduction for repairs,
and the defendants are clearly entitled to the whole of the

rent. The repairs claimed were made with a view to the rent for this year, and if the complainant is to be allowed for them, it would be out of the rent of this year. But the defendants are only entitled to rent to April 2, when the sale was confirmed, which would be one-fourth of the amount, and could, in no event, be charged with more than one-fourth of repairs. The sale, however, was made on January 27, 1877, upon a decree of the October term, 1876, of the court, and under a publication which must have been commenced about the first of the year. Under these circumstances, it is obvious that the repairs must have been made directly with a view to the interest of the complainant by enhancing the value of the realty, and that the defendants were benefited was a mere incident. It is equally obvious that the complainant reaped the benefit of these repairs by a sale made within a few days after they were completed. The repairs were of the roof of the dwelling-house, and must have permanently enhanced its value. I am of opinion, therefore, that no part of these repairs ought to be deducted from the share of the infants in the rents.

It is only by statute that rent can be apportioned between vendor and vendee, when the contract is silent on the subject. 3 Kent's Com. 471. But this rule, it has properly been conceded, will not apply when the property is in custody of the court, and rented under its orders. The court will see that no party is prejudiced by its act. The rent of this year will therefore be apportioned, and one-fourth allowed to the defendants. The taxes chargeable on the property to the confirmation of the report will be deducted and paid out of the share of the infants in the rents. *Foster* v. *Ellis*, 7 Heisk. 131.

The learned counsel for the complainant argues that his client, having a judgment against J. W. Gee, trustee, might subject these rents to the satisfaction thereof by proper proceedings, and that the court, being in control of the fund,

will appropriate it at once, without the delay and expense of such proceedings. But I am unable to see how these rents could be reached for the satisfaction of the complainant's debt in any mode. The complainant has no lien upon them by the contract, her lien being only on the land. The rent belongs to the defendants as heirs of their mother. She could not bind herself personally for the debt, nor could any personal judgment be recovered against her, or her administrator, for the debt. The inheritance of the heir can only be reached through the personal representative for a debt of the ancestor. *Gilman* v. *Tisdale*, 1 Yerg. 285. The estate of the trustee ceased upon the death of the wife, and he had no right to the rents which afterwards accrued, in any sense. The complainant's claim, as against the inheritance of the heir, rests entirely on the lien retained, which attached only to the land.